# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Thomas L. Smith

August 31, 2012

Case No. (Criminal) 23929

By Judge Thomas D. Horne

On February 9, 2012, Thomas L. Smith was charged in a summons with a violation of Virginia Code § 29.1-521.1, which provides that "[i]t is unlawful to willfully and intentionally impede the lawful hunting or trapping of wild birds or wild animals." Va. Code Ann. § 29.1-521.1.

This case came before this Court upon a trial *de novo* on appeal from the General District Court of Loudoun County. In order to prevail, not only must the Commonwealth prove beyond a reasonable doubt that the willful and intentional actions of the defendant served to impede the act of hunting, but also that the hunting was lawful.

The evidence shows that, on February 2, 2011, Conservation Officer Landers cautioned Mr. Smith and his wife concerning the prohibition against impeding the hunting of wild birds and animals. Officer Landers visited Mr. Smith and his wife after receiving complaints from persons hunting on an adjacent tract of land that his wife's banging on a pot, *albeit* on her own property, had interfered with their hunting.

The instant offense arises out of the events of February 8, 2012. On that day, four persons were hunting on the adjacent tract that had been the subject of Officer Landers' visit one year earlier. This time, the hunting of birds was interrupted by gunfire coming from the defendant's property. Mr. Smith, knowing the hunters to be present and hunting on the adjacent tract, went outside his home and, while still within the boundaries of his property, discharged a .357 magnum pistol. His shots were all directed towards

the ground, evidence of which was still visible when deputies arrived to investigate. The deputies were called to the area by the hunters, who, again, complained that their right to hunt on the adjacent tract was interfered with by the defendant's actions.

It is unnecessary to the outcome of this criminal case for the Court to balance the competing constitutional rights of protection of property with that of the hunting of *ferae naturae* that are the subject of controversy between the officer and the defendant and his wife.

The evidence presented demonstrates that only one of the four hunters hunting on the property did so with the owner's permission. Written permission was given by Mr. Clifford Myers, owner of the adjacent tract, in an email that stated: "Mike Bowman has permission from C. J. Myers to hunt on the property located near Philomont, Va., for the 2011-2012 season." The Myers' property was posted with signs denoting "no trespassing" and "no hunting."

Virginia Code § 18.2-134 provides that "[a]ny person who goes on the lands . . . of another, which have been posted in accordance with the provisions of § 18.2-134.1, to hunt, fish, or trap except with the written consent of or in the presence of the owner or his agent shall be guilty of a Class 1 misdemeanor." Va. Code Ann. § 18.2-134. Pursuant to Virginia Code § 18.2-134.1(A), "[t]he owner or lessee of property described in § 18.2-134 may post property by (i) placing signs prohibiting hunting, fishing, or trapping where they may reasonably be seen." Va. Code Ann. § 18.2-134(A).

In the instant case, with respect to three of the hunters on the property, no written permission was given by the owner for those persons to hunt on February 8, 2012. While they have testified they were "guests" of Mr. Bowman, none had the expressed permission of the owner to go on the property.

Written permission by a property owner to hunt posted lands is a license. The Supreme Court of Virginia has observed that "[a] license has been described as 'a right, given by some competent authority to do an act which without such authority would be illegal, a tort, or a trespass.' A license is personal between the licensor and the licensee and cannot be assigned." *Bunn v. Offutt*, 216 Va. 681, 683 (1976) (authorities omitted). Accordingly, Mr. Bowman had no authority to permit others to hunt on the property owned by Mr. Myers, and, therefore, they were not lawfully hunting when the defendant discharged his weapon into the ground near his home.

An element of the offense to be proved by the Commonwealth beyond a reasonable doubt is that the hunting interfered with was lawful. There is no burden on the defendant to prove such conduct was unlawful. The Court, in a criminal prosecution, must acquit the defendant if it finds that there is, after a review of the evidence, a reasonable hypothesis consistent with innocence. It is not for the Court to speculate or parse the responsibility of the

defendant for his action to each of the hunters individually or collectively. Furthermore, the Court cannot speculate as to whether the interference with any one member of the group of hunters would have taken place but for the presence of the hunting party and the attendant actions of the defendant that followed.

The Court finds a reasonable doubt as to the guilt of the defendant. Accordingly, he will be found not guilty of impeding lawful hunting, and the summons is dismissed.